# In the United States Court of Federal Claims

No. 26-863
Filed: June 12, 2026

---

MARIE A. BECTON,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

---

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

For more than twenty years, Plaintiff Marie Becton ("Ms. Becton") has sought to challenge the United States' reduction of her Social Security benefits, turning to courts across the country to obtain relief she believes the law has denied her. (Compl. at 2, ECF No. 1). Her present Complaint continues that effort. (*Id.*). Before turning to the substance of her claims, the Court must satisfy itself that Congress has vested it with jurisdiction to consider them. The governing statutory scheme makes clear that it has not. Ms. Becton's Complaint must be **DISMISSED** for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

Per the information she provides, Ms. Becton is an 85-year-old widow whose husband died from service-connected disabilities. (Compl. at 2). She identifies herself as a "Gold Star Wife" and reports significant ongoing health challenges, including a history of cancer and continuing cardiac and vision impairments. (*Id.*). According to her Complaint, the Government Pension Offset ("GPO") eliminated the survivor benefits available to her on her late husband's Social Security record and reduced her own retirement benefits to $25.00 per month, or approximately $300.00 annually. (*Id.*). Although her benefits were later adjusted to $16,558.00 annually effective February 4, 2025, she maintains that she was denied the full amount of benefits to which she was entitled for nearly twenty years. (*Id.*).

Ms. Becton recounts an extensive litigation history related to these issues; she states that she has filed more than twenty lawsuits in federal courts. (Compl. at 2). She further asserts that several judges instructed her to return to the Social Security Administration ("SSA") to pursue administrative remedies, but she declined to do so because she believes the administrative process is unconstitutional. (*Id.*). She alleges that she sought assistance from numerous federal officials and agencies—including the Attorney General, the Department of Justice, the Federal Bureau of Investigation, and the SSA Office of the Inspector General—yet received no response. (*Id.*).

Ms. Becton's Complaint advances several constitutional and statutory challenges to the GPO and related provisions of the Social Security Act. (Compl. at 2). She contends that Congress "hid" the Dual Entitlement Rule within the GPO, rendering the statute facially invalid. (*Id.*). She further challenges what she refers to as "The Fairness Act," asserting that Congress unconstitutionally limited the government's back-pay liability to one year of benefits despite what she characterizes as violations of "clearly established law." (*Id.*). Ms. Becton cites 18 U.S.C. § 242, alleging that government officials committed civil rights violations by enforcing the GPO. (*Id.*). Finally, she asserts that Congress barred judicial review of challenges to the GPO, thereby denying her access to the courts across multiple presidential administrations. (*Id.*). As relief, Ms. Becton seeks compensation for the financial losses she attributes to the GPO, including approximately twenty years of withheld Social Security benefits. (*Id.*).

The United States Court of Federal Claims is a specialty court. *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). The Court has the authority to review challenges that fall within its distinct subject-matter jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As such, the Court "may and should" review the question of its subject-matter jurisdiction on its own "at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted); *see also OTI Am., Inc. v. United States*, 68 Fed. Cl. 108, 113 (2005) ("Jurisdiction must be established as a threshold matter before the court may proceed with the merits" of any action.) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998)).

The Court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of attorneys. *Roche v. U.S. Postal Service*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). In conducting its review, the Court also accepts as true all undisputed facts in pleadings and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, even pro se plaintiffs "must persuade the Court that jurisdictional requirements have been met." *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004); *see also Zulueta v. United States*, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)).

Under the Tucker Act, this Court's jurisdiction is limited to claims: (1) founded on an express or implied contract with the United States; (2) seeking a refund for payments made to the government; or (3) arising from federal constitutional, statutory, or regulatory law that mandates the payment of money damages. 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). To invoke the Court of Federal Claims' limited jurisdiction for a legal violation, the underlying provision must be "money-mandating," meaning it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 400 (1976). This money-mandating source of law must be distinct from the Tucker Act itself. *United States v. Navajo Nation*, 556 U.S. 287, 289–90 (2009).

The Tucker Act's jurisdictional grant may be displaced or modified by explicit federal statutory law. *S. Cal. Edison v. United States*, 69 Fed. Cl. 66, 74 (2005). A claim falls outside this Court's purview if Congress has placed jurisdiction elsewhere. *Massie v. United States*, 166

F.3d 1184, 1188 (Fed. Cir. 1999) (citing *Del–Rio Drilling Programs, Inc. v. United States*, 146 F.3d 1358, 1367 (Fed. Cir. 1998)). The Social Security Act ("the Act") is one such displacing statutory scheme. 42 U.S.C. § 301 *et seq*. The Act provides that challenges relating to social security benefits must be brought in the United States district court for the judicial district in which the plaintiff resides. 42 U.S.C. § 405(g). To ensure the exclusivity of that review process, the Act further provides that no decision regarding social security benefits "shall be reviewed by any person, tribunal, or governmental agency" except as provided for in the Act. 42 U.S.C. § 405(h). Consequently, the plain language of the Act channels all claims relating to Social Security benefits to the federal district courts, leaving this Court without jurisdiction over such matters. *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990); *Jackson v. United States*, 242 F. App'x 698, 700 (Fed. Cir. 2007). Because Ms. Becton contests the reduction of her Social Security benefits and seeks compensation for alleged underpayments, her claims fall squarely within this exclusive statutory review process and are therefore beyond the jurisdiction of the Court of Federal Claims.

Ms. Becton's additional allegations do not supply an alternative basis for jurisdiction. Her reliance on 18 U.S.C. § 242 invokes a criminal statute, and this Court has no jurisdiction over criminal matters or allegations of official misconduct. *See* 18 U.S.C. (titled "Crimes and Criminal Procedure"). It is well settled that the Court of Federal Claims lacks jurisdiction over claims based on criminal statutes. *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007) ("Additionally, the Court of Federal Claims lacks jurisdiction over suits based upon criminal statutes."). Her constitutional objections to the GPO and related provisions likewise fall outside the Court's authority. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). The Tucker Act requires a separate money-mandating source of law, and the Federal Circuit has consistently held that constitutional challenges to Social Security provisions must proceed through the administrative process and district-court review prescribed by § 405(g). *Haque v. United States*, 683 F. App'x 950, 951 (Fed. Cir. 2017). This Court therefore cannot adjudicate Ms. Becton's constitutional theories.

Because the Court lacks subject-matter jurisdiction, it must determine whether Ms. Becton's claim should be transferred under 28 U.S.C. § 1631 to a court that does possess jurisdiction. Section 1631 provides that a court "shall . . . transfer [an] action" to an appropriate court if it "finds that there is a want of jurisdiction." 28 U.S.C. § 1631. A transfer is proper when three conditions are met: (1) the Court lacks jurisdiction; (2) the action could have been brought in the transferee court; and (3) transfer is in the interest of justice. *See Gray v. United States*, 69 Fed. Cl. 95, 98 (2005). Even if the Court otherwise possessed jurisdiction, Ms. Becton's claims would still be barred because she has not exhausted the administrative remedies required by statute; thus, transfer is improper. *Alvarez v. United States*, 9 Cl. Ct. 311, 312 (1985) (no transfer when plaintiff failed to exhaust administrative remedies). Courts have consistently recognized that the Act's framework encompasses challenges to the application of the Government Pension Offset, once administrative remedies have been exhausted. *See, e.g., Parker v. Colvin*, 640 F. App'x 726, 727 (10th Cir. 2016); *Perretta v. Colvin*, No. 14-2506, 2015 WL 1808509, at *1 (D.N.J. Apr. 21, 2015). Ms. Becton's complaint acknowledges that prior judges have directed her to return to the SSA to pursue administrative review and that she declined to do so. (Compl. at 2). Exhaustion under § 405(g) is a mandatory condition of judicial review and is not waived by

3

disagreement with the administrative process, hardship, or pro se status. Until that requirement is satisfied, no federal court may review Ms. Becton's benefit determinations.

For the reasons stated above, Ms. Becton's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(b)(1) and 12(h)(3). The Clerk **SHALL** enter judgment accordingly. The Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[1]

**IT IS SO ORDERED.**

_David A. Tapp_
DAVID A. TAPP, Judge

---

[1] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.